IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-355-GPM |
| ) | |
| CYNTHIA M. REAVIS, ) | |
| ) | |
| Defendant. ) | |

# JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, Chief District Judge:**

Defendant was defaulted by the Clerk on September 29, 2005 (*see* Doc. 7). The United States now moves for entry of a default judgment. The motion (Doc. 9) is **GRANTED**, and **IT IS ORDERED AND ADJUDGED**:

1. This Court has jurisdiction over the parties to and subject matter of this suit. Defendant was properly served and failed to answer or otherwise enter any appearance.

2. The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Kevin Paul Sandifer, secured by a mortgage dated February 14, 1986, in the total principal amount of $42,000.00. (Ex. A).[1] The loan to Kevin Paul Sandifer is evidenced by a promissory note dated February 14, 1986. This loan was assumed by Cynthia M. Reavis, and she executed a note in the amount of $44,500.00 on June 16, 1988. The loan to Cynthia M. Reavis is evidenced by a

---

[1] References to exhibits herein are to the exhibits attached to the complaint (Doc. 1).

promissory note dated June 16, 1988. On June 16, 1988, the United States of America, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration. The mortgages were recorded in Mortgage Record Book 243, Page 171-174, as Document Number 51852 on February 14, 1986, and recorded in Mortgage Record Book 8, Page 107-110, as Document Number 58472 on June 16, 1988, in Bond County, Illinois.

    3.    Cynthia M. Reavis may have claimed an interest in the above described property, but she is foreclosed from asserting her claim, if any, because of her default in this action.

    4.    By virtue of the mortgage and indebtedness thereby secured, Plaintiff, the United States of America, has a valid and subsisting lien on the following realty:

> Common address: 712 Vine Street, Greenville, IL 62246
>
> Lot 3 in Douglas Place Addition to the City of Greenville, situated in Bond County, Illinois

    5.    By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, Plaintiff, the United States of America, is due the following:

> (a) For its own use and benefit for the costs of this suit and for:
>
> | | |
> |---|---|
> | U.S. Attorney's docket and recording fees .... | $ 288.00 |
> | U.S. Marshals' costs for service of summons .. | $ 129.01 |
> | Title expenses ........................... | $ 237.00 |
> | TOTAL ........ ....................... | $ 654.01 |
>
> (b) For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:
>
> | | |
> |---|---|
> | Unpaid principal balance ................. | $ 39,102.47 |
> | Subsidy recapture paid ................... | $ 3,815.13 |

        Accrued interest at $9.6547 per day due and
unpaid as of October 25, 2005 . . . . . . . . . . . . . .  $  8,190.71

        Total amount due Plaintiff as of October 25,
2005, exclusive of foreclosure costs . . . . . . . . .  $ 51,108.31

(c)     In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d)     Under the terms of the mortgage, all such advances, costs, and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate, and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)     In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f)     In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g)     Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.     Bond County, Illinois, has a valid lien on the above-described property for taxes for the year 2005, and the property will be sold subject to the interest of Bond County, resulting from taxes, general or special, which are a valid lien against the above-described property.

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** by this Court that judgment is entered against Cynthia M. Reavis for $51,762.32, and unless Defendant and her assigns

and successors in interest to the above-described property pay to Plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this decree the sum of $51,762.32 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Bond County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Bond County Courthouse in the City of Greenville, Illinois.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of the United States and against Cynthia M. Reavis. The real estate shall be sold free and clear of any claimed lien of Cynthia M. Reavis.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation. Plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale. Upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale. The certificate of purchase shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above plus

interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end in this case on the latter of (1) seven months after service of the mortgagor or (2) three months after the date of entry of the judgment decree.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that out of the proceeds of such sale the United States Marshal shall retain his disbursements and fees, and out of the remainder of the proceeds he shall pay to Plaintiff $51,762.32, together with lawful interest to be computed thereon to the date of this decree and any court costs of this action in its behalf. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court, and in case the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments he shall bring such surplus monies into Court without delay for further distribution by Order of this Court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** from the date of entry of this judgment decree of foreclosure through the 30th day after a foreclosure sale conducted pursuant to this judgment decree is confirmed by this Court, the mortgagor shall be entitled to retain

possession of the above-described real estate. The 31st day after the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagor shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of the mortgagor so doing, an order of ejectment shall issue.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which the judgment decree was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the monies arising from the sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs, the United States Marshal shall specify the amount of deficiency in his report.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court hereby

retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this judgment decree, and the United States Marshal shall report his actions and doings in the premises in this Court at the earliest possible time.

**IT IS SO ORDERED.**

DATED: 02/15/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge